FILED
SUPERIOR COURT
OF GUAM

2022 OCT 10 AM 10: 22

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0313-21 |
| vs. | **DECISION AND ORDER** |
| NICHOLAS WAYNE MOORE | **(People's Motion to Bar Further Cross-Examination of Eric Salone Pursuant to Guam Rules of Evidence 403)** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on October 4, 2022, for a Motion Hearing on the People of Guam's ("People") Motion to Bar Further Cross-Examination of Eric Salone Pursuant to Guam Rules of Evidence 403 ("Motion to Bar Further Cross-Examination"). Attorney David J. Lujan, Attorney William L. Gavras, and Attorney Michael F. Phillips appeared for Nicholas Wayne Moore ("Defendant"). Assistant Attorney General Grant A. Olan appeared for the People of Guam ("People'). In accordance with its ruling from the bench on October 4, 2022, the Court now issues the following order **GRANTING** the People's Motion to Bar Further Cross-Examination.

## BACKGROUND

On June 13, 2022, the Grand Jury indicted Defendant on the following charges: (1) Two Counts of Aggravated Assault (As a Second Degree Felony) with Two Counts of the Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) Terrorizing (As a

Third Degree Felony) with the Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) Possession of an Unregistered Firearm (As a Third Degree Felony). Am. Superseding Indictment, June 13, 2022. Jury selection commenced on June 15, 2022, and a petite jury was sworn in on August 11, 2022. Minute Entry, June 15, 2022; Minute Entry, Aug. 11, 2022.

The People called Eric Salone—a co-defendant in this matter—as a witness on August 22, 2022, and defense counsel's cross-examination began on August 23, 2022. Minute Entry, Aug. 22, 2022; Minute Entry, Aug. 23, 2022. On September 20, 2022 the People filed the instant motion. Mot. to Bar Further Cross-Examination, Sept. 20, 2022. Defendant filed an opposition. Opp'n. to People's Mot. to Bar Further Cross-Examination of Eric Salone Pursuant to Guam Rules of Evidence 403, Sept. 28, 2022 (hereinafter "Opp'n. to People's Mot. to Bar Further Cross Examination"). The People filed a reply. People's Reply to Opp'n. to People's Mot. to Bar Further Cross-Examination of Eric Salone Pursuant to Guam Rules of Evidence 403, Sept. 29, 2022 (hereinafter "People's Reply to Opp'n. to People's Mot. to Bar Further Cross Examination"). The Court held a Motion Hearing. Minute Entry, Oct. 4, 2022. Upon considering the parties arguments and the applicable law, the Court granted the People's Motion to Bar Further Cross-Examination. *Id.*

## DISCUSSION

The People argue that "this Court should exercise its wide latitude to bar further cross-examination of Mr. Salone, pursuant to caselaw and Rule 403, because any probative value of his continued examination is outweighed by considerations of undue delay, waste of time, needless presentation of cumulative evidence, and witness harassment." Mot. to Bar Further Cross-Examination at 5. Defendant argues "cross-examination should end only when defense

counsel has reached a point of, not diminishing returns (i.e. not where fewer good points are still being made) but of no returns." Opp'n. to People's Mot. to Bar Further Cross Examination at 3.

The Court first notes that 8 G.C.A § 90.10 states "[i]t shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." Therefore, in granting the People's Motion to Bar Cross-Examination, the Court is using the authority vested to it by 8 G.C.A § 90.10 to limit the introduction of evidence that the Court finds is inadmissible upon balancing the probative value of further cross-examination and considerations of undue delay, waste of time, and needless presentation of cumulative evidence under Guam Rules of Evidence ("GRE") 403. In barring further cross-examination, the Court is ensuring that trial proceeds in an expeditious and efficient manner; rehashing questions that have already been asked does not aid the jury in ascertaining the truth of this matter.

GRE 403 states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Evidence is cumulative when it replicates other admitted evidence, and the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court." *United States v. Jamil*, 707 F.2d 638, 643 (2nd Cir. 1983).

Defendant represents that defense counsel has cross-examined Salone for approximately fifteen hours. Opp'n. to People's Mot. to Bar Further Cross Examination at 3. The Court agrees with Defendant's estimation of the length of cross-examination. The Court

observes that fifteen hours is a long a period for cross-examination of one witness. Even so, the Court would be inclined to permit defense counsel to continue the cross-examination of Salone if they could demonstrate that continued cross-examination will elicit new facts.

The purpose of cross-examination is to test the credibility and truthfulness of a witness. *See Davis v. Alaska*, 415 U.S. 308, 316 ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested."). "Subject always to the broad discretion of a trial judge to preclude unduly harassing interrogation, the cross examiner is not only permitted to delve into the witness' story to test the perceptions and memory, but the cross examiner has traditionally been allowed to impeach, i.e., discredit, the witness. *Id.*

Defense counsel assert they have more video clips to play of Salone's interview with Naval Criminal Investigative Service ("NCIS") Agent Craig Perry. Digital Recording at 3:33:37–4:43:09 (Jury Trial, Oct. 4, 2022). The Court notes that defense counsel has already played several clips from Salone's interview with Agent Perry and Salone has repeatedly admitted during cross-examination that he lied to Agent Perry during the interview. Digital Recording at 9:22:29–11:13:23 (Jury Trial, Sept. 6, 2022). Accordingly, the Court finds that defense counsel has delved into Salone's story to test his memory and impeach him. Introducing additional video clips constitutes cumulative evidence because defense counsel has already shown several video clips to attack Salone's credibility. Defendant has no burden of proof and, consequently, defense counsel's objective on cross-examination is to test the credibility and truth of the witness, not to prove Defendant's innocence.

Defense counsel contends that they plan to ask Salone about his plea agreement, stating they believe they are entitled to ask what Salone is "escaping." Digital Recording at 3:33:37–

4:43:09 (Jury Trial, Oct. 4, 2022). Defense counsel already questioned Salone extensively about his plea agreement, including questioning Salone about the maximum punishment Salone faces for the crimes if he violates the plea agreement, civil rights Salone is giving up by taking the plea agreement, and Salone's obligations to the Office of the Attorney General under the plea agreement. Digital Recording at 9:17:14–3:47:20 (Jury Trial, Aug. 23, 2022). Defense counsel also presented a blown version of the plea agreement to the jury during his opening statement. Digital Recording at 10:37:07–2:43:14 (Jury Trial, Aug. 15, 2022). Thus, Defendant has already questioned Salone about the plea agreement, presented to the jury Salone's possible bias resulting from the plea agreement, and asked Defendant what he is "escaping." Any additional questioning on the plea agreement would replicate evidence already in the record and has little probative value. Therefore, the Court holds that the probative value of additional impeachment with these questions is substantially outweighed by considerations of needless presentation of cumulative evidence

Defense counsel state they would like to ask Salone if the Office of the Attorney General has revoked his plea agreement because Salone has admitted that he lied to Agent Perry during the interview. Digital Recording at 3:33:37–4:43:09 (Jury Trial, Oct. 4, 2022). The Court finds that whether the Office of the Attorney General believes Salone lied during his testimony concerns the Assistant Attorney General Grant Olan's ethical obligations to the Court, but is not relevant to the jury's determination of Salone's credibility.

Defense counsel asserts that the most effective cross-examination is when an attorney circles back and impeaches the witness on his inconsistencies. *Id.* The Court acknowledges that impeachment is an important part of cross-examination, and that the purpose of cross-examination is to test the credibility of a witness. However, defense counsel has already

impeached Salone several times and presented to the jury Salone's potential lack of credibility. Whether an impeachment is effective is the jury's decision. Defense counsel has asked Salone multiple times if it is "in [Salone's] nature to lie," if Salone knows that Javier Mercardo will testify that Salone bragged about shooting a .38 caliber pistol during the incident, and several questions regarding Salone's drug use and the false statements Salone made to Agent Perry. Digital Recording at 9:22:29–11:13:23 (Jury Trial, Sept. 6, 2022). Therefore, the Court finds that defense counsel has presented a multitude of evidence to make a determination about Salone's credibility, and it is up to the jury to make that determination. Furthermore, when balancing the probative value of circling back to these questions with the considerations of waste of time and needless presentation of cumulative evidence, the Court holds that the considerations of waste of time and needless presentation of cumulative evidence outweighs any probative value. As the jury has already heard the answers to these questions, there is little probative value in presenting the questions again to the jury.

Mid-morning on August 25, 2022, Attorney Lujan stated "I believe I will be finished with Mr. Salone tomorrow." Digital Recording at 10:26:35 (Jury Trial, Aug. 25, 2022). Approximately an hour and a half later, the Court adjourned for lunch. Digital Recording at 11:55:21 (Jury Trial, Aug. 25, 2022). Upon returning from lunch that afternoon, Attorney Gavras informed the Court that Attorney Lujan was ill and the Court decided to adjourn until Attorney Lujan was well enough to resume cross-examination. Digital Recording at 1:34:08–1:38:38 (Jury Trial, Aug. 25, 2022). The Court did not resume trial until September 6, 2022. Attorney Lujan spent the entire morning of September 6, 2022, cross-examining Salone. That morning, Attorney Lujan stated "my goal is to finish with [Salone] today." Digital Recording at 9:22:38 (Jury Trial, Sept. 6, 2022). However, due to an evidentiary dispute, no cross-

examination occurred that afternoon. Trial resumed in the afternoon of September 15, 2022, and Attorney Lujan spent the entire afternoon cross-examining Salone. At the end of the day, Attorney Lujan stated that he needed "just one more minute." After asking an additional question, he stated "I am done." The Court believed that Attorney Lujan meant he had completed his cross-examination because of his previous representations to the Court regarding the amount of time needed to finish his cross-examination. The Court finds that based on Attorney Lujan's representations on August 25, 2022 and September 6, 2022, Attorney Lujan had sufficient time to finish his cross-examination. The Court reminds defense counsel that both the Court and the Government have a duty to expedite trial. Continuously extending cross-examination constitutes an undue delay under GRE 403.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion to Bar Further Cross-Examination.

SO ORDERED, this ___10___ day of ___October___ 2022.

HONORABLE ALBERTO E. TOLENTINO

Judge, Superior Court of Guam